# LUCINDA D. WHITTAKER, EXECUTRIX,
## v.
# CROW, HARGADINE & CO.

*Negotiable Instruments—Note—Statute of Limitations—New Promise—Interest.*

1.   Where indorsees of a promissory note, on which the statute of limitations had run, indorsed upon its back an agreement to accept a sum less than the amount for which it was given, in full satisfaction thereof, during the current year, and the maker wrote below, "I accept the above condition," and signed his name, this court holds that the act in question constituted a valid contract on which an action would lie at its maturity.

2.   Interest at six per cent (the original note providing for interest at ten per cent) should be allowed after the maturity of the new contract.

[Opinion filed November 23, 1889.]

IN ERROR to the Circuit Court of Pike County; the Hon. C. J. SCOFIELD, Judge, presiding.

Mr. JAMES E. McMURRAY, for plaintiff in error.

The new promise to pay, to be sufficient to remove the bar of the statutes, must be absolute and unqualified, and is not to be extended by implication or presumption beyond the express words of the promise.   Kimmel v. Schwartz, Breese, 218; Bell v. Morrison, 1 Pet. (U. S.) 351;  Parsons v. Northern Ill. Coal and Iron Co., 38 Ill. 430 ;  Carroll v. Forsyth, 69 Ill. 127; Wachter v. Albee, 80 Ill. 47.

An offer to pay a less sum than the amount due, made by a debtor in whose favor the statute had run, will not remove the bar, unless accepted at the time when made.   Wood on Limitations, p. 190;  Lawrence v. Hopkins, 13 John. 287; Bell v. Morrison, 1 Pet. (U. S.) 351;  Parsons v. Northern Illinois Iron and Coal Co., 38 Ill. 430; Slack v. Norwich, 32 Vt. (3 Shaw) 818;  Batchelder v. Batchelder, 48 N. H. 23 ; Smith v. Eastman, 3 Cush. 355; Munford v. Freeman, 8 Met. 432.

An agreement to accept a less sum than the amount due is

a *nudum pactum*. Heathcote v. Crookshanks, 2 Term R. 24; Dederick v. Leaman et al., 9 Johns. 332.

Mr. J. S. IRWIN, for defendants in error.

We both agree that an offer, unaccepted, is not binding; but if accepted absolutely and unconditionally becomes a contract. Addison on Contracts, Sec. 20. The question then to be determined is, does the indorsement on the note, of date March 20, 1885, amount to an offer, and an absolute and unconditional acceptance.

Interest should have been allowed. Laws of 1857, Sec. 1; R. S. 1874, Sec. 4, Chap. 74; Brockman v. Sieverling, 6 Ill. App. 513; Norton v. Colby, 52 Ill. 198; Marshall v. Tracy, 74 Ill. 379; Chitty on Contracts, 821a, n. 1.

The Circuit Court had the right to classify the claims. Darling v. McDonald, 101 Ill. 370; McCall v. Lee, 120 Ill. 261.

The Appellate Court has the power to correct the judgment by the allowance of interest. Starr & Curtis' R. S., Chap. 110, Sec. 82; Masters v. Masters, 13 Ill. App. 611; Church v. Jewett, 1 Scam. 55; Peck v. Stevenson, 5 Gilm. 127; Welch v. Wallace, 3 Gilm. 490.

WALL, J. It appears from the record that A. S. Whittaker made his promissory note to Crow, McCreery & Co. for $789.50, payable December 20, 1874; that no payment was made thereon within ten years after maturity; that Crow, Hargadine & Co. became the holders by indorsement, and that after the statute of limitations—ten years—had fully run, the following proposition and acceptance were written on the back of the note.

"We agree to accept five hundred dollars in full satisfaction of within note during 1885.

"CROW, HARGADINE & Co.

"I accept the above condition.

"A. S. WHITTAKER.

"St. Louis, March 20, 1885."

The question is, what legal significance is to be attached to these entries? Plaintiff in error urges that the holder of the

note merely proposed to accept the sum mentioned within the time mentioned, but that the debtor while accepting the condition did not bind himself to pay. If so, then the offer of the creditor was without consideration and not binding on him, and therefore nothing obligatory was effected on either side. We think, however, the parties intended to contract, and did contract, the one to pay and the other to receive, and that, upon the maturity of the contract thus made, an action would lie by the promisee against the promisor. In substance it was a new contract by the debtor based on the moral consideration of the old debt to pay the sum agreed on within the time fixed, and it was a surrender on the part of the creditor of all other demands growing out of the former liability. If this be the correct view it follows that the defendants in error were entitled to an allowance for the principal sum thus promised, which was granted by the Circuit Court, and as the contract was in writing interest also was allowable after maturity.

The cross-errors assigned are upon the failure of the court to allow such interest. This point is well made. The judgment will be reversed upon cross-errors and the cause will be remanded with directions to allow interest at six per cent after maturity of said new contract. The defendants in error will recover their costs herein.

*Reversed and remanded with directions.*